as the name of but one attorney or firm' of attorneys will be inserted from the same place.

Attorneys desiring their names placed in our Directory will please advise us at once, with references, as applications first received, will be first considered. In a number of cases we have received several applications for the same place. Applicants will be duly informed when applications have been approved. The schedule of rates for insertion of name in Directory, is fixed in accordance with population and importance of city or town in which applicant resides.

Quite a number of attorneys have already been retained in important cases, by means of advertising in our Directory.

----

The Supreme Court adjourned to Monday, March 1st, 1886. Argument of cases will not begin until second Monday in March.

----

# THE SUPREME COURT OF GEORGIA,

*Dicisions Rendered February 9, 1886.*

----

REPORTED BY J. H. LUMPKIN, REPORTER

----

## BLOUNT vs. STATE.

LARCENY FROM THE HOUSE, FROM CITY COURT OF ATLANTA. Criminal Law. Larceny. (Before Judge Clarke.)

Hall, J.—Where an indictment charged the defendant with stealing two dollars in lawful currency of the United States, and the proof showed that the money stolen was two silver dollars, this sufficiently established the description of the indictment. Rev. Stats. U. S., §§3565, 3566, 3567.

(a) This case does not fall within the ruling in 64 Ga., 61.

Judgment affirmed.

Gray & Way, for plaintiff in error.

H. C. Glenn, solicitor city court, by brief, for the State.

----

## ATLANTA REAL ESTATE Co. vs. ATLANTA NATIONAL BANK et al.

EQUITY, FROM FULTON. Corporations. Stock and Stockholders. Trusts and Trustees. Equity. Practice in Superior Court. (Before Judge Stewart.)

Hall, J.—1. The directors and managers of a corporation, who con-

trol and have charge of its effects, are trustees for the stockholders, and both they and others who, with the knowledge of their misappropriation, aid them in diverting its property, would be liable to the injured parties. Code, §§1638, 3151; Mor. Corps §559.

2. Equity was the proper forum in which to seek relief in such a case, and the bill was properly brought in the name of some of the stockholders in behalf of themselves and such of their co-corporators as are in a similar condition. Mor. Corp., §662; L. R., 9 Ch. App. Cas., 350; L. R., 6 Eq. Cas., 143; 18 How., 480.

3. The bill is not multifarious nor objectionable on the ground of misjoinder of parties or causes of action. 71 Ga , 797.

4. There being no prayer for either an injunction or a receiver previous to the final trial, the bill was properly filed without the sanction of the judge.

(a) This case does not fall within the rule laid down in the Knox- ville Iron Co., *vs.* Wilkins, Post & Co. *et al.* (last term.)

Judgment affirmed.

Julius L. Brown, for plaintiff in error.

O. A. Lochrane; Pat Calhoun; Alexander C. King, for defendants.